IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| JEFFERY JOHN LOUT, | Cause No. CV 18-07-H-BMM-JTJ |
| Petitioner, | |
| vs. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| MICHAEL FLETCHER, | |
| Respondents. | |

This case comes before the Court on Petitioner Jeffery John Lout's Petition for Writ of Habeas Corpus pursuant 28 U.S.C. §2254 (Doc. 1), Motion to Proceed in Forma Pauperis (Doc. 2), Motion to Dismiss (Doc. 3), and Motion for Copies (Doc 4). Lout is a state prisoner proceeding pro se.

**A. Motion to Proceed in Forma Pauperis**

After reviewing the motion and supporting account statement, I find that Lout has sufficiently shown he cannot afford to pay all costs that may be associated with this action. The motion to proceed in forma pauperis (Doc. 2) will be granted.

**B. Motion to Dismiss/Motion for Copies**

As set forth below, this Court lacks jurisdiction to hear Lout's claims. Accordingly, Lout's motion to dismiss and motion for copies (Docs. 3 & 4) will denied as moot.

1

**C. 28 U.S.C. §2254 Petition**

In what has been characterized as an "en masse petition for writ of habeas corpus- 28 USC §2254 as per Rule 23 of the Federal Rules of Civil Procedure," Lout, along with eleven other pro se prisoners, seeks to challenge the constitutionality of the criminal charging process utilized by the State of Montana. *See generally* (Doc. 1 at 18-32).

The petition at hand is Lout's fourth in this Court. He filed the first in 2005 and it was denied for lack of merit. *See Lout v. State of Montana*, Cause No. CV 05-67-M-DWM-LBE (D. Mont. judgment filed Aug. 4, 2006). The Ninth Circuit denied Lout's request for a certificate of appealability. *Lout v. Montana*, No. 06-35843 (9th Cir. June 1, 2007). Lout next filed in 2009; there Lout was instructed that this Court had no jurisdiction because Lout had not proceeded under the provisions of 28 U.S.C. §2244(b) to obtain leave from the Ninth Circuit to file a second petition. *Lout v. State of Montana*, Cause No. CV 09-10-BLG-RFC-CSO (D. Mont. judgment filed April 24, 2009). Lout filed his third document, which was construed as a new habeas petition, in 2011. Again, Lout was advised that he must apply to the Ninth Circuit Court of appeals for leave to proceed with a second or subsequent petition. The petition was dismissed. *Lout v. State of Montana*, Cause No. CV-11-35-H-DWm (D. Mont. Or. of Dismissal filed July 15, 2011).

As he has previously been advised, until Lout obtains leave from the Ninth

2

Circuit Court of Appeals to file a successive habeas petition, *see* 28 U.S.C. §

2244(b), this Court has no jurisdiction to hear his claims, *Burton v. Stewart*, 549

U.S. 147, 149 (2007) (per curiam).

### D. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it

enters a final order adverse to the applicant." Rule 11(a), Rules governing § 2254

Proceedings. A COA should issue as to those claims on which a petitioner makes

a "substantial showing of the denial of a constitutional right." 28 U.S.C. §

2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the

district court's resolution of [the] constitutional claims" or "conclude the issues

presented are adequate to deserve encouragement to proceed further." *Miller-El v.

Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484

(2000)). Where a claim is dismissed on procedural grounds, the court must also

decide whether "jurists of reason would find it debatable whether the district court

was correct in its procedural ruling." *Gonzalez v. Thaler*, 132 S. Ct. 641, 648

(2012) (quoting *Slack*, 529 U.S. at 484).

Lout has not made a substantial showing that he was deprived of a

constitutional right. Moreover, because there is no doubt this Court lacks

jurisdiction and there is no basis to encourage further proceedings, a certificate of

appealability should be denied.

Based on the foregoing, the Court enters the following:

## ORDER

1. Lout's motion to proceed in forma pauperis (Doc. 2) is GRANTED. The Clerk of Court shall waive payment of the filing fee.

2. Lout's motion to dismiss and motion for copies (Docs. 3 & 4) are DENIED as moot.

## RECOMMENDATION

1. Lout's petition (Doc. 1) should be dismissed with prejudice as an unauthorized second or successive petition.

2. The Clerk of Court should enter judgment in favor of Respondent and against Petitioner.

3. A certificate of appealability should be denied.

## NOTICE OF RIGHT TO OBJECT
## TO FINDINGS & RECOMMENDATION
## AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Lout may object to this Findings and Recommendation within 14 days.[1] 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

Lout must immediately notify the Court of any change in his mailing address

---

[1] Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)." Therefore, since Lout is being served by mail, he is entitled an additional three (3) days after the period would otherwise expire.

by filing a "Notice of Change of Address."   Failure to do so may result in

dismissal of this case without notice to him.

DATED this 25th day of January, 2018.


/s/ John Johnston_____
John Johnston
United States Magistrate Judge