IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| JEFFERY JOHN LOUT,<br><br>Petitioner,<br><br>vs.<br><br>MICHAEL FLETCHER,<br><br>Respondents. | Cause No. CV 18-07-H-BMM-JTJ<br><br>SUPPLEMENTAL ORDER |

This case comes before the Court on Petitioner Jeffery John Lout's Petition for Writ of Habeas Corpus pursuant 28 U.S.C. §2254 (Doc. 1). Lout is a state prisoner proceeding pro se. On January 25, 2018, this Court ordered that Lout's Motion to Dismiss (Doc. 3) and Motion for Copies (Doc. 4) be denied as moot. (Doc. 6). Lout's Motion to Proceed in Forma Pauperis (Doc. 2) was granted. *Id*. It was further recommended that Lout's petition be dismissed as an unauthorized second or successive petition. *Id*.

Following the entry of this Court's Order and Findings and Recommendations, Lout joined other "en masse" habeas petitioners and filed a Motion for Joint Action (Doc. 9), a Motion for Recusal (Doc. 10), and a Motion to

1

Appoint Counsel (Doc. 11).

As has previously been ruled in the companion "en masse" cases, all of these motions are denied. As a preliminary matter, this Court lacks jurisdiction because Lout's petition is an unauthorized successive petition. But even if the Court had jurisdiction, the motions lack merit, as set forth below.

i. **Motion for Joint Action**

Lout seeks to proceed in a group along with the ten other petitioners with whom he originally filed. As set forth above, the group was previously advised that each petition would be treated individually and as a separate filing. In the renewed "Joint Action to Stay Joined as One Action as per Fed. R. Civ. P. Rule 20(a)," *see* (Doc. 9), Lout again seeks "en masse" filing status. The Motion will be denied.

As set forth above, the Court notes that three additional other groups of "en masse" petitioners have sought to proceed as a class and raise the same claim Lout's initial group raised. All petitioners will be treated in the same manner, each must proceed individually.

Rule 12 of the Rules Governing § 2254 Cases provides that the Federal Rules of Civil Procedure may be applied in a habeas action "to the extent they are not inconsistent with any statutory provisions" or the § 2254 Rules. In order to qualify for federal habeas relief, a petitioner must meet certain prerequisites. State

judicial remedies must be exhausted with respect to each claim raised. A petitioner generally may not proceed with claims that were defaulted in state court, but he might be able to excuse a default. He must comply with the federal statute of limitations, either by filing on time or by asserting entitlement to equitable tolling, or he must demonstrate that his untimeliness may be excused because he did not commit the crime of which he was convicted. The Court no longer has jurisdiction over some petitioners' claims, because they have already litigated one federal habeas petition to conclusion. Any new petition challenging their convictions is "second or successive" and must be pre-authorized by the Court of Appeals for filing in this Court. *See* 28 U.S.C. § 2244(b); *Burton v. Stewart*, 549 U.S. 147, 149 (2007) (per curiam). All of these issues—exhaustion, default, timeliness, and second-or-successive filings—can only be adjudicated on an individual basis. The procedural concern is highlighted in Lout's case as he has filed a second or successive petition.

For all these reasons, the Court finds that joinder under Fed. R. Civ. P. 20 is inconsistent with 28 U.S.C. §§ 2244 and 2254. Rule 23 is also inconsistent with 28 U.S.C. §§ 1654, 2244 and 2254.

Federal Rules of Civil Procedure 20 and 23 will not be applied in this action. *See* Rule 12, Rules Governing § 2254 Cases; *cf. Gonzalez v. Crosby*, 545 U.S. 524, 531-32 (2005). Lout must proceed separately; his Motion for Joint Action (Doc. 9)

is **DENIED**.

### ii. Motion for Recusal

Lout, along with the other "en masse" petitioners, also seeks recusal of "all Montana Judges and Magistrates in the U.S. District Court in the District of Montana." (Doc. 10 at 1). The basis for this request appears to be twofold. Apparently, an unidentified individual heard an unidentified Montana State Prison employee state, relative to the present claims, "the Feds ain't going to help you, MSP and our Union own all the Judges in Montana." *Id*. Additionally, based upon the petitioners' belief that Montana's state criminal charging procedure is unconstitutional and "due to the fact that all of the Federal Judges came originally from and were 'schooled' through the state judge ranks, or as prosecutors or attorneys that most assuredly were involved in and party to the unconstitutional 'information and Belief' procedure instead of following the U.S. Constitution and the use of a Grand Jury Indictment" and because of the purported relationships the federal judiciary has with Montana state attorneys and state judges, Petitioners apparently believe the no member of the federal judiciary can adjudicate this matter fairly. *Id*. at 2. In support of the motion, Petitioners cite 28 U.S.C. § 455 and 28 U.S.C. § 144.

### a. 28 U.S.C. § 455

Section 455(a) provides that a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." "The test for creation of apparent bias sufficient to require dismissal under [Section 455] is an objective one: 'whether a reasonable person with knowledge of all the facts would conclude the judge's impartiality might reasonably be questioned." *United States v. Nelson*, 718 F. 2d 315, 321 (9th Cir. 1983). The "reasonable person" is not someone who is "hypersensitive or unduly suspicious," but rather a "well-informed, thoughtful observer" who "understand[s] all the relevant facts" and "has examined the record and law." *United States v. Holland*, 519 F. 3d 909, 914 (9th Cir. 2008). This standard does not mandate recusal upon the mere "unsubstantiated suspicion of personal bias or prejudice." *Id*. (citations omitted). Additionally, Section 455(a) is "limited by the 'extrajudicial source' factor which generally requires as the basis for recusal something other than rulings, opinions formed or statements made by the judge during the course of [proceedings]." *Id*. at 913-14.

### b. 28 U.S.C. § 144

Section 144 requires a party to file a timely and sufficient affidavit in support of its motion for recusal. To be legally sufficient, the affidavit "must state facts which if true fairly support the allegation that bias or prejudice stemming

5

from (1) an extrajudicial source (2) may prevent a fair decision on the merits." *United States v. Azhocar*, 581 F. 2d 735, 739 (9th Cir. 1978). The judge must look at "the substantiality of the support given by these facts to the allegation of bias." *Id*. at 739-40. "Conclusory statements alleging personal bias or prejudice are not statements of fact, and do not provide a basis for disqualification. *Wilenbring v. United States*, 306 F. 2d 944, 946 (9th Cir. 1962). "[J]udicial rulings alone almost never constitute valid basis for a bias or partiality motion." *O'Connor v. U.S.*, 935 F.2d 275 (9th Cir. 1991). "[O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Id.*

When a court considers a motion under § 144, it should: (1) first evaluate whether to "grant recusal pursuant to [§544]"; and (2) if it determines that recusal is inappropriate under §544, proceed to "determine the legal sufficiency of the affidavit filed pursuant to [§144]." *United States v. Sibla*, 624 F. 2d 864, 868 (9th Cir. 1980). Under §144, recusal is not automatic. "An affidavit filed pursuant to §144 is not legally sufficient unless is 'specifically alleges facts that fairly support the contention that the judge exhibits bias or prejudice toward a party stemming *from an extrajudicial source*.'" *Id.*, (emphasis in original).

### c. Analysis

Upon review of either statutory ground, Lout has failed to establish that recusal is warranted. The basis for recusal rests entirely upon conclusory statements that are unsupported by the record before this court, by a legally sufficient affidavit, or by information obtained from extrajudicial sources.

Lout initially provides a hearsay statement allegedly made between unidentified parties implying that the federal judiciary has been "bought out" by the Montana State Prison Employee's Union. This statement is not credible and a reasonable person would not find that such a statement forms the basis to reasonably question the impartiality of this Court. *Nelson*, 718 F. 2d at 321. Moreover, Lout's belief that the purportedly unconstitutional charging system utilized by the State of Montana has created a culture of practice in which no attorney or judge who has practiced at some point during his or her career within the state system could be fair and impartial is, likewise, incredible. Such a belief amounts to no more than an "unsubstantiated suspicion of personal bias or prejudice" and does not support recusal. *Holland*, 519 F. 3d at 909. Additionally, Lout has not provided an affidavit in support of the recusal motion as required by §144. While recusal is inappropriate under §544, Lout also fails to make the requisite showing of legal sufficiency of the affidavit under the second prong of §144.

Because Lout has not established recusal is justified under either §144 or §544, and has also failed to demonstrate any reasonable basis on which to question this Court's impartiality in this matter, the motion for recusal (Doc. 10) will be **DENIED**.

### iii. Motion to Appoint Counsel

Lout filed a motion for the appointment of counsel. (Doc. 11). Counsel must be appointed "when the case is so complex that due process violations will occur absent the presence of counsel," *Bonin v. Vasquez,* 999 F.2d 425, 428-29 (9th Cir. 1993) (discussing *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986) (per curiam)), or when an evidentiary hearing is required, Rule 8(c), Rules Governing § 2254 Cases. Counsel may be appointed at any stage of the proceedings if "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). Under § 3006A, the court must consider the likelihood of success on the merits, the complexity of the legal issues involved, and the petitioner's ability to articulate his claims pro se. *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983) (per curiam).

This case is not so complex that Lout's right to due process will be violated if counsel is not appointed. Lout does not require counsel as a matter of due process, and the Court declines to exercise its discretion to appoint counsel. Lout's Motion to Appoint Counsel (Doc. 11) is **DENIED**.

Based on the foregoing, the Court enters the following:

## ORDER

1. Lout's motion for joint action (Doc. 9) is DENIED.

2. Lout's motion for recusal (Doc. 10) is DENIED.

3. Lout's motion to appoint counsel (Doc. 11) is DENIED.

DATED this 13th day of March, 2018.

*/s/ John Johnston*
John Johnston
United States Magistrate Judge