# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# HELENA DIVISION

| | |
|---|---|
| JEFFREY JOHN LOUT,<br><br>Petitioner,<br><br>v.<br><br>MICHAEL FLETCHER,<br><br>Respondent. | CV-18-07-H-BMM-JTJ<br><br>**ORDER ADOPTING MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATIONS** |

Petitioner Jeffrey John Lout and ten other pro se prisoners filed an action styled an "en masse petition for a writ of habeas corpus" seeking to challenge the constitutionality of the criminal charging process utilized by the State of Montana. (Doc. 1 at 18-32.) Lout also filed a Motion to Proceed in Forma Pauperis (Doc. 2), a Motion to Dismiss (Doc. 3), and a Motion for Copies (Doc. 4).

United States Magistrate Judge John Johnston issued an Order and Findings and Recommendations in this matter on January 25, 2018. (Doc. 6.) Judge Johnston granted Lout's motion to proceed in forma pauperis. *Id.* at 4. Judge Johnston ordered that Lout's motion to dismiss and motion for copies be denied as moot. *Id.* Judge Johnston further recommended that the Court dismiss Lout's petition with prejudice as an unauthorized second or successive petition. *Id.*

1

Lout mailed a Motion for Recusal (Doc. 10), Motion for Joint Action (Doc. 9) and Motion to Appoint Counsel (Doc. 11) on January 17, 2018. These motions were received and docketed on January 29, 2018. Lout mailed an objection to these Findings and Recommendations on January 30, 2018, which was docketed February 5, 2018. (Doc. 12.)

Judge Johnston denied Lout's Motion for Recusal (Doc. 10), and his simultaneously-filed Motion for Joint Action (Doc. 9), and Motion to Appoint Counsel (Doc. 11) on March 13, 2018. (Doc. 14.)

## I.  LEGAL STANDARD

The Court reviews *de novo* findings and recommendations to which objections are made. 28 U.S.C. § 636(b)(1)(C). Portions of findings and recommendations to which no party specifically objects are reviewed for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). Where a party's objections constitute perfunctory responses, however, argued in an attempt to engage the district court in a relitigation of the same arguments set forth in the original response, the Court will review for clear error the applicable portions of the findings and recommendations. *Rosling v. Kirkegard*, 2014 WL 693315 *3 (D. Mont. Feb. 21, 2014) (internal citations omitted).

Lout's objection discusses his Motion for Recusal. (Docs. 10; 12 at 2-4.) Lout contends that the filing of the Motion for Recusal some eight days before Judge Johnston issued his Order and Findings and Recommendations renders the Order and Findings and Recommendation "null and void" and "without jurisdiction." (Doc. 12 at 4.)

The Court notes Lout's *pro se* status. The Court must "liberally construe" *pro se* filings. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The Court will thus review Judge Johnston's jurisdiction to issue the Order and Findings and Recommendations *de novo*.

## II. DISCUSSION

Judge Johnston recommends that the Court dismiss Lout's petition because Lout is ineligible to file a second or successive habeas petition without leave from the Ninth Circuit. (Doc. 6 at 2-3.)

Lout argues that Judge Johnston lacked jurisdiction to enter his Order and Findings and Recommendations because Lout mailed his Motion for Recusal some eight days before Judge Johnston entered the Order and Findings and Recommendations. (Doc. 12 at 4.) Lout contends that 28 U.S.C. § 144 represents a self-executing statute that barred Judge Johnston from further action once Lout mailed his motion for recusal. *Id*.

28 U.S.C. § 144 provides that a party must file a "timely and sufficient affidavit" regarding the personal bias or prejudice of the presiding judge. "Only after the legal sufficiency of the affidavit is determined does it become the duty of the judge to 'proceed no further' in the case." *United States v. Azhocar*, 581 F.2d 735, 738 (9th Cir. 1978) (internal citations omitted). The judge against whom Section 144 is invoked "may pass on [the affidavit's] legal sufficiency." *Id.* (citing *Berger v. United States*, 255 U.S. 22, 32-34 (1922)).

The "timely and sufficient affidavit" is a prerequisite to recusal under Section 144. The Court notes that Lout submitted no affidavit with his motion. Even if Lout had submitted the requisite affidavit, Judge Johnston would have retained jurisdiction to evaluate the timeliness and sufficiency of the affidavit. The statute does not provide for the automatic recusal that Lout seeks to invoke here. Judge Johnston was not deprived of jurisdiction by the mailing of Lout's Motion for Recusal.

The Court has reviewed the remainder of Judge Johnston's Order and Findings and Recommendations for clear error. The Court finds no error, and adopts the Findings and Recommendations in full

### III. ORDER

Accordingly, **IT IS ORDERED** that Magistrate Judge Johnston's Findings and Recommendations (Doc. 6) is **ADOPTED IN FULL**.

4

Lout's Petition (Doc. 1) is **DISMISSED WITH PREJUDICE** as an unauthorized second or successive petition.

The Clerk of Court is directed to enter judgment in favor of Respondent and against Petitioner.

A certificate of appealability is **DENIED**.

DATED this 5th day of April, 2018.

Brian Morris
United States District Court Judge